UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE ADAMS,<br><br>                        Plaintiff,<br><br>-against-<br><br>JUDGE ROBERT T. WATSON, in his official capacity in Florida's 11th Judicial Circuit; JUDGE IVAN F. FERNANDEZ, in his official capacity in Florida's 3rd District Court of Appeals; JUDGE BRONWYN MILLER, in his official capacity in Florida's 3rd District Court of Appeals; JUDGE ALEXANDER BOKOR, in his official capacity in Florida's 3rd District Court of Appeals; MERCEDES M. PRIETO, in her official capacity in Florida's 3rd District Court of Appeals; JOHN A. TOMASINO, in his official capacity in the Florida Supreme Court; MIAMI-DADE CLERK OF COURT in its official capacity; JUDGE LOURDES SIMON, in her official capacity in Florida's 11th Judicial Circuit; ARIANA FAJARDO ORSHAN, in her official capacity in Florida's 11th Judicial Circuit; and JOHN/JANE DOE, in their official capacities in Florida's court system,<br><br>                        Defendants. | 25-CV-9915 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this *pro se* action under the Court's federal question jurisdiction. She alleges that judges and court personnel in several different state courts in Miami, Florida, are violating her federally protected rights, and she seeks to stay the underlying state-court proceedings. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Florida.

**DISCUSSION**

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants, who are judges and court personnel in state courts located in Miami, Florida, violated her federally protected rights, and she seeks to stay court proceedings. She does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to her claims occurred in state courts in Miami. Because Defendants are employed in Miami, and the alleged events occurred there, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Miami, Florida, which is in the Southern District of Florida. *See* 28 U.S.C. § 89(c). Accordingly, venue lies in the Southern District of Florida, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Florida, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. The Court waives Local Rule Civil Rule 83.1, which

requires a seven-day delay before the Clerk of Court may transfer a case. Whether Plaintiff should be granted injunctive relief is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 3, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge